IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ASBESTOS LITIGATION: ) | |
| ) | |
| DONNA FOUTS et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. 08-425-GMS |
| ) | (Trial By Jury Demanded) |
| AIRSTREAM, INC. et al., ) | |
| ) | |
| Defendants. ) | |

**FLEETWOOD ENTERPRISES, INC.'S**
**ANSWER TO THE COMPLAINT**

This answering Defendant hereby responds to the numbered paragraphs of the Complaint ("Complaint") as follows:

1. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

2. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

3. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

4. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

5. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

6. Fleetwood Enterprises, Inc. ("Fleetwood") admits that it is a Delaware corporation and denies the remaining allegations of this paragraph.

7. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

8. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

9. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

10. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

11. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

12. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

13. Admitted.

14. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

15. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

16. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

17. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

18. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

19. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

20. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

21. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

22. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

23. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

24. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

25. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

26. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

27. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

28. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

29. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

30. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

31. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

32. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

33. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

34. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

35. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

36. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

37. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

38. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

39. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

40. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

41. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

42. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

43. This answering Defendant is without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

44. Denied as to this answering Defendant.

45. It is denied that Claude D. Harley ("Plaintiff") was exposed to any asbestos or asbestos-containing products, mixed, mined, manufactured, distributed, sold,

removed, installed and/or used by this answering Defendant. This answering Defendant is without knowledge or information sufficient to form a belief regarding the remaining allegations of this paragraph.

46. Denied as to this answering Defendant.

47. Denied as to this answering Defendant.

48. Denied as to this answering Defendant.

49. Denied as to this answering Defendant.

50. It is denied that this answering Defendant engaged in any wrongful conduct. This answering Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph.

51. It is denied that this answering Defendant engaged in any wrongful conduct. This answering Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph.

52. This answering Defendant repeats and incorporates herein its answers to all of the preceding paragraphs. Based on insufficient information, this answering Defendant is unable to respond to Plaintiff's choice-of-law assertion at this time.

53. Denied as to this answering Defendant.

54. Denied as to this answering Defendant.

55. Denied as to this answering Defendant.

56. Denied as to this answering Defendant.

57. Denied as to this answering Defendant.

58. This answering Defendant repeats and incorporates herein its answers to all of the preceding paragraphs. Based on insufficient information, this answering Defendant is unable to respond to Plaintiff's choice-of-law assertion at this time.

59. Denied as to this answering Defendant.

60. Denied as to this answering Defendant.

61. Denied as to this answering Defendant.

62. This answering Defendant repeats and incorporates herein its answers to all of the preceding paragraphs. Based on insufficient information, this answering Defendant is unable to respond to Plaintiff's choice-of-law assertion at this time.

63. Denied as to this answering Defendant.

64. Denied as to this answering Defendant.

65. Denied as to this answering Defendant.

66. Denied as to this answering Defendant.

## ADDITIONAL DEFENSES

67. The Complaint fails to state a claim upon which relief can be granted against Fleetwood.

68. The claims asserted in the Complaint are barred by the applicable statutes of limitations, the doctrine of laches and/or any applicable statutes of repose.

69. The claims asserted in the Complaint are barred or must be reduced due to Plaintiff's contributory negligence in using or exposing himself to products which he knew, or should have known, would be dangerous to his health and in failing to take reasonable precautions to guard against any dangers resulting therefrom.

70. Plaintiff assumed the risk of any injuries covered by the Complaint.

71. At all relevant times, the knowledge of other persons and business entities, and the ability of such other persons and business entities to take action to prevent the injuries of which Plaintiff complains was superior to that of Fleetwood and, therefore, if there was any duty to warn Plaintiff, the duty was on those other persons and business entities and not on Fleetwood.

72. If Plaintiff sustained any injuries or damages as alleged in the Complaint, all of which Fleetwood specifically denies, then such injuries or damages were caused or

contributed to by reason of the negligence of Plaintiff, or other persons, corporations, or entities who may or may not be parties to this litigation, and do not result from any conduct, acts or omissions of Fleetwood.

73. Plaintiff failed to exercise ordinary care for his own protection, and such failure occasioned some or all of the alleged injury and damage as described in the Complaint.

74. Any injuries or damages alleged to have been sustained by the Plaintiff were proximately caused or contributed to by the free and voluntary assumption of risk by the Plaintiff.

75. The Plaintiff's assumption of risk in knowing and appreciating the dangers herein and failing to protect himself by using available safety equipment bars him from any recovery for any damages.

76. Plaintiff has not incurred any actual injury or damage and/or has suffered only speculative injuries, if any, for which no damages may be recovered at law.

77. Plaintiff has failed to join indispensable parties needed to provide just adjudication of this matter and complete relief.

78. The Plaintiff's complaint against Fleetwood is barred due to the lack of privity of contract between the parties and the failure of any consideration passing from Plaintiff to defendant.

79. Plaintiff was guilty of negligence equal to or greater than the negligence, if any, alleged against Fleetwood, which negligence proximately caused or contributed to the injuries and damages about which Plaintiff complains.

80. Any claims of Plaintiff are barred by the intervening and superseding activity of third parties over which Fleetwood had no control.

81. Because Plaintiff has not alleged with particularity which products of Fleetwood allegedly caused the injuries and damages resulting in Plaintiff's claims, the

Complaint fails to state a cause of action upon which relief can be granted and, should relief be granted, it would contravene Fleetwood's constitutional rights to substantive and procedural due process of law and equal protection of law as preserved by the Fourteenth Amendment of the United States Constitution.

82. Fleetwood retains its rights to seek contribution and/or indemnification against any entities or persons including, but not limited to, any and all manufacturers of asbestos-containing materials who have filed petitions in various bankruptcy courts and consequently are not presently within the jurisdiction of this Court.

83. Plaintiff has failed to mitigate any and all alleged damages, the existence of which and the extent of which are all specifically denied by Fleetwood.

84. Plaintiff should have taken action to minimize or eliminated any loss, injury, or damage, and Plaintiffs are precluded from recovering damage, or the damages should be reduced, by operation of the doctrine of avoidable consequences and mitigation of damages.

85. Fleetwood asserts the defenses of waiver, estoppel and such other defenses as may be enumerated under Rules 8 and 12 of the Federal Rules of Civil Procedure.

86. Plaintiffs have no cause of action for punitive or exemplary damages, and the Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages.

87. Any punitive damage award that Plaintiffs might recover would violate Fleetwood's rights under the United States Constitution and the Constitution of the State of Delaware to due process and equal protection of law as guaranteed by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

88. Awarding punitive damages without bifurcating the trial and trying the punitive damages only if liability is found on the merits would violate Fleetwood's due process

rights as guaranteed by the Fourteenth Amendment to the United States Constitution and the due process provisions of the Constitution of the State of Delaware.

89. An award of punitive damages that is not subject to a predetermined limit would violate Fleetwood's due process rights and the excessive fines provisions of the United States Constitution and the Constitution of the State of Delaware.

90. An award of punitive damages without sufficient standards of clarity for determining the appropriateness of an amount of punitive damages, without adequate instructions on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, without express prohibitions from awarding punitive damages or determining the amount of a punitive damage award on the basis of invidious discriminatory characteristics, including the residence and wealth of Fleetwood, without standards which sufficiently define the conduct or mental state that make punitive damages permissible, and without trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of an objection standard, would violate Fleetwood's due process and equal protection rights as guaranteed under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Delaware.

91. An award of punitive damages would violate the United States Constitution, including but not limited to, the Fifth and Eighth Amendments, as applied to the States through the Fourteenth Amendment to the United States Constitution.

92. Fleetwood is not liable for or responsible for the injuries and damages as alleged in the Complaint.

93. Fleetwood has not engaged in any activity that has damaged Plaintiff, nor has it breached any duty owed to Plaintiff and, therefore, Plaintiff is not entitled to recover from 3M.

94. Fleetwood alleges the defense of state of the art.

95. Plaintiffs' claims have been fully satisfied by other persons in settlement of claims or satisfaction of judgments with defendants, or in the alternative, Fleetwood is entitled to a set-off for any amount paid or to be paid by any defendant or others not named in the Complaint.

96. Plaintiffs' claims and the issues presented thereby may be precluded by the doctrines of *res judicata* and collateral estoppel.

97. Plaintiffs' claims are barred by their failure to satisfy conditions precedent to the filing of this lawsuit.

98. Plaintiffs' claims against Fleetwood should be dismissed because they cannot demonstrate that Fleetwood proximately caused any injuries or damages alleged by Plaintiffs.

99. Plaintiffs' claims are barred because he fails to separate and allocate the amount of his alleged claims among the various defendants.

100. Plaintiffs' claims are barred because they have no actionable claims against Fleetwood for damages resulting from the alleged exposure to asbestos particles resulting from the use of Fleetwood's products.

101. The products allegedly manufactured and supplied by Fleetwood were done so in accord with all government specifications and approval.

102. The products allegedly manufactured and supplied by Fleetwood were altered by Plaintiff, Plaintiff's employers or other third parties, over whom 3M has no control.

103. The products allegedly manufactured and supplied by Fleetwood provided appropriate information, which was not followed by Plaintiff, Plaintiff's employers or other third parties, over whom Fleetwood had no control.

104. The Plaintiff's employers were knowledgeable users of the products allegedly manufactured and supplied by Fleetwood and any duty which it had to warn, affect,

advise the Plaintiff regarding the use of its products, which duty is specifically denied by Fleetwood, was superseded and/or discharged by the duty of Plaintiff's employers to do so.

105. Plaintiff's employer was an informed intermediary and a sophisticated user of products of the type allegedly complained of by the Plaintiff and was in superior position to eliminate any hazard Plaintiff now complains of related to the alleged use of any Fleetwood product.

106. Plaintiffs' claims may be preempted in whole or in part by federal and/or state statutes and/or regulations.

107. Plaintiff's employer(s), by virtue of the notice given in publications of the Federal Register and otherwise, had notice of the dangers Plaintiff now complains of and was/were obligated under federal law to eliminated any dangers.

108. The regulations adopted by OSHA pursuant to the Occupational Safety and Health Act allowed airborne asbestos and other dusts in Plaintiff's workplace. To the extent that these regulations conflict with the law of any jurisdiction where any of Plaintiff's workplaces were located, those laws are preempted by the Occupational Safety and Health Act.

109. Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

110. Plaintiffs' claims against Fleetwood should be barred for reasons of equity.

111. In the event that it is judicially determined that Plaintiff was exposed to or used a product manufactured or sold by Fleetwood, which is specifically denied, then it is averred that such product was not defective or unreasonably dangerous at the time of sale, but was made defective or unreasonably dangerous by subsequent unforeseeable alterations, changes, improper maintenance, or misuse by others including fellow workers and the Plaintiff; and that such subsequent unforeseeable alterations, changes, improper maintenance, or misuse by others act as a bar to claims being made by Plaintiff against Fleetwood.

112. In the event that Plaintiff incurred any injuries or damages as alleged in the Complaint, which is specifically denied, then to the extent such injuries and damages may be attributable to any act or omission of Fleetwood, then such act or omission was and is *de minimis* and not a substantial factor.

113. To the extent applicable, Fleetwood adopts and incorporates herein by reference each and every affirmative defense to the Complaint invoked by any other defendant, that is not specifically enumerated herein and which is not otherwise inconsistent with the defenses asserted herein and further reserves the right to assert any defense as may be divulged through discovery in this case.

114. Fleetwood specifically reserves the right to amend this Answer at any time prior to, during, or after trial to assert any affirmative defense that is established by the evidence.

WHEREFORE, Fleetwood respectfully requests that this Court enter judgment in its favor and against Plaintiff on the basis of any and all of the defenses set out herein, and/or on its cross-claims, if appropriate, with all costs and its attorneys' fees taxed to Plaintiff.

          MORRIS, NICHOLS, ARSHT & TUNNELL LLP

          /s/ Donald E. Reid
          Donald E. Reid (#1058)
          Amaryah K. Bocchino (#4879)
          1201 N. Market Street
          P.O. Box 1347
          Wilmington, DE  19899
          (302) 658-9200
            Attorneys for Fleetwood Enterprises, Inc.

July 21, 2008

2412389